# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID EARL CRAWFORD,**

    **Petitioner,**

  v.                                                **Case No. 20-CV-491**

**DYLON RADTKE,**

    **Respondent.**

## ORDER

    David Earl Crawford, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Crawford alleged that on "January 15, 2017 [he] revoked [him]self" on Milwaukee County Circuit Court Case Nos. 03-CF-5509 and 05-CF-2434. (Docket # 1 at 6–7.) He alleged that the State failed to award Crawford his extended supervision street time credit towards his reconfinement prison time. (*Id.* at 7.) Crawford further asserted that he has exhausted all available state court remedies. (*Id.*)

    A Rule 4 Order was issued on May 11, 2020 requiring the respondent to respond to Crawford's habeas petition and setting deadlines for briefing. (Docket # 9.) Crawford subsequently filed a motion asking for a "ninety (90) day[ ] extension of time to file [his] motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254." (Docket # 13.) Crawford states that he recently became aware that he needed to exhaust his remedies in state court and recently discovered a constitutional violation in his underlying state criminal proceedings and wishes to file a request for relief pursuant to § 2254.

The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that all claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Ordinarily, a petition containing any unexhausted claims is dismissed. *Id.* However, after Congress imposed a one-year statute of limitations on the filing of federal habeas petitions with the enactment of Antiterrorism and Effective Death Penalty Act of 1996, the Court held that district courts have discretion to stay the petition and place it in abeyance, rather than dismiss it, in situations where dismissal is likely to terminate any federal review. *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). A stay and abeyance is appropriate when there is good cause for the petitioner's failure to exhaust his claim first in state court, the exhausted claim is potentially meritorious, and the petitioner did not engage in intentionally dilatory litigation tactics. *Id.* at 277–78. Further, it should include reasonable time limits on a petitioner's trip to state court and back. *Id.* at 278 (pointing to a thirty-day interval from a state court final decision to reopen the federal habeas case). Although the Supreme Court did not define "good cause" in *Rhines*, the petitioner is required to offer some reason for his failure to exhaust. *Id.*

Because Crawford previously alleged that he had exhausted his state court remedies and now states that he recently discovered a new constitutional violation, it is unclear whether Crawford is requesting to stay and hold in abeyance his current habeas corpus petition with the grounds currently alleged, or whether Crawford is attempting to raise a new claim for relief that he now wishes to exhaust in state court. However, as currently pled, Crawford's petition contains only exhausted claims and thus is not a "mixed" petition (i.e., containing both exhausted and unexhausted claims) appropriate for a stay and abeyance. Thus, to the extent Crawford wishes to raise a new, unexhausted claim in his habeas petition, he must

amend his petition to include it. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999) ("AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity-part of every civil case is an entitlement to add or drop issues while the litigation proceeds."); *Lieberman v. Budz*, No. 00 C 2531, 2002 WL 1888396, at *3 (N.D. Ill. Aug. 16, 2002) (granting *pro se* petitioner leave to amend habeas petition and noting that "[w]hen dealing with pro se petitioners, leave to amend should be freely given"). Crawford would then need to file a motion for a stay and abeyance on that mixed petition.

Thus, Crawford is granted twenty-one (21) days within which to file an amended petition raising any new, unexhausted constitutional claims for relief and with that, file a motion to stay and hold the amended petition in abeyance, addressing the considerations articulated by the Supreme Court in *Rhines* for granting such relief. Crawford is advised that the amended petition will replace the prior petition and the amended petition must be complete in itself without reference to the prior petition.

If Crawford fails to timely file an amended petition and motion to stay and hold the petition in abeyance, I will issue a new scheduling order to facilitate resolution of the grounds as currently alleged in Crawford's petition. The current deadlines found in the Rule 4 Order are suspended.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within **twenty-one (21) days** of the date of this Order, Crawford must file an amended petition raising any new, unexhausted constitutional claims for relief and with that, file a motion to stay and hold the amended petition in abeyance.

**IT IS FURTHER ORDERED** that the current deadlines in the Rule 4 Order are suspended.

Dated at Milwaukee, Wisconsin this 11th day of June, 2020.

BY THE COURT:

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge