UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DAVID EARL CRAWFORD,**

    **Petitioner,**

  v.                                  **Case No. 20-CV-491**

**DYLON RADTKE,**

    **Respondent.**

---

**ORDER**

---

David Earl Crawford, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Crawford alleged that on "January 15, 2017 [he] revoked [him]self" on Milwaukee County Circuit Court Case Nos. 03-CF-5509 and 05-CF-2434. (Docket # 1 at 6–7.) He alleged that the State failed to award Crawford his extended supervision street time credit towards his reconfinement prison time. (*Id.* at 7.) Crawford further asserted that he has exhausted all available state court remedies. (*Id.*)

A Rule 4 Order was issued on May 11, 2020 requiring the respondent to respond to Crawford's habeas petition and setting deadlines for briefing. (Docket # 9.) Crawford subsequently filed a motion asking for a "ninety (90) day[ ] extension of time to file [his] motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2254." (Docket # 13.) Crawford stated that he had recently became aware that he needed to exhaust his remedies in state court and recently discovered a constitutional violation in his underlying state criminal proceedings and wished to file a request for relief pursuant to § 2254.

Because Crawford had previously alleged that he had exhausted his state court remedies and stated that he had recently discovered a new constitutional violation, I found that it was unclear whether Crawford was requesting to stay and hold in abeyance his current habeas corpus petition with the grounds currently alleged, or whether Crawford was attempting to raise a new claim for relief that he wished to exhaust in state court. (Docket # 14.) Crawford was given twenty-one (21) days in which to file an amended petition raising any new, unexhausted constitutional claims for relief and with that, file a motion to stay and hold the amended petition in abeyance. (*Id.*) Crawford was advised that if he failed to timely file an amended petition, I would issue a new scheduling order to facilitate resolution of the grounds as currently alleged in Crawford's petition. (*Id.* at 3.)

Crawford failed to timely file an amended petition. Rather, Crawford filed an additional motion requesting to stay and hold his petition in abeyance. (Docket # 15.) Given Crawford has not presented a mixed petition, his motion to stay and hold the petition in abeyance is denied. I will enter the following scheduling order to facilitate resolution of Crawford's petition:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 13th day of July, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge