# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID EARL CRAWFORD,**

    **Petitioner,**

  v.                                                            **Case No. 20-CV-491**

**DYLON RADTKE,**

    **Respondent.**

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

    David Earl Crawford, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Crawford challenges the Wisconsin Department of Corrections' imposition of over five years of reconfinement time upon his June 2017 revocation, which, Crawford argues, exceeds his maximum discharge date. The respondent has moved to dismiss Crawford's petition as untimely and procedurally defaulted. For the reasons explained below, the respondent's motion is granted and Crawford's habeas petition is dismissed.

## BACKGROUND

    Crawford was convicted upon no contest pleas of endangering safety by use of a firearm, battery, and theft of movable property, all with a dangerous weapon penalty enhancer, in Milwaukee County Circuit Court case number 2003CF5509. (Ex. 2 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-2.) Crawford was convicted in Milwaukee County Circuit Court case number 2005CF2434 of escape-criminal arrest and battery. (Ex. 3 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-3.) On June 23, 2017, Crawford's

parole and supervision in the 2003 and 2005 cases was revoked, and Crawford was ordered reconfined for a period of five years, three months, and four days. (Ex. 5 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-5.) Crawford waived his right to a hearing on his revocation. (*Id.*) In July 2020, Crawford filed a petition for a writ of certiorari in the Milwaukee County Circuit Court seeking review of the revocation order. (*Id.*) The circuit court dismissed the petition as untimely under Wis. Stat. § 893.735(2), and on the ground Crawford's waiver of a revocation hearing precluded certiorari review of the revocation. (*Id.*) Crawford appealed the circuit court's order dismissing the certiorari petition, but, on September 3, 2020, the Wisconsin Court of Appeals dismissed the appeal pursuant to Wis. Stat. § 809.83(2) for Crawford's failure to pay the filing fee. (Ex. 6 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-6.)

Crawford filed a petition for writ of habeas corpus in this Court on March 25, 2020. (Docket # 1 at 13.) In June 2020, Crawford filed a motion acknowledging that he had not exhausted his state remedies and requested a stay of these proceedings to allow him to do so. (Docket # 15.) Crawford was granted leave to file an amended petition raising any new, unexhausted constitutional claims for relief and a new motion to stay and hold the amended petition in abeyance, addressing the considerations articulated by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). (Docket # 14.) Crawford failed to timely file an amended petition; thus, a scheduling order was issued to facilitate resolution of the grounds as alleged in Crawford's petition. (Docket # 16.)

## ANALYSIS

The respondent argues that Crawford's habeas petition is untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254,

2

Case 2:20-cv-00491-NJ   Filed 03/15/21   Page 2 of 7   Document 23

governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Crawford does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his

petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, Crawford's claim properly falls under 28 U.S.C. § 2244(d)(1)(A).

Again, Crawford challenges an amended revocation order dated June 23, 2017, revoking his extended supervision and parole in cases 03CF5509 and 05CF2434 and ordering his reconfinement. (Ex. 2 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-2.) I must first determine when the revocation order became final. Under Wisconsin law, an offender may waive his right to a revocation hearing, Wis. Admin. Code DOC § 331.07, and to a reconfinement hearing, Wis. Admin. Code DOC § 331.13. The Milwaukee County Circuit Court found that Crawford had waived his right to both revocation and reconfinement hearings. (Ex. 2 to Resp.'s Br. in Supp. of Mot. to Dismiss, Docket # 20-2.) An offender seeking to challenge a revocation decision appeals the order to the circuit court by way of certiorari. *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549–50, 185 N.W.2d 306, 311 (1971) ("It is well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way of certiorari . . . [a] petitioner's right of review of a revocation hearing is by certiorari directed to the court of conviction."). An action seeking a remedy available by certiorari must be filed within 45 days after the action accrues, i.e., on the date of the decision or disposition. Wis. Stat. § 893.735.

Because Crawford failed to seek certiorari, the revocation order became final 45 days after the June 23, 2017 date of disposition—August 7, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing an appeal expires). For purposes of habeas review, Crawford's one-year statute of limitations began to run the next day, on August 8,

2017. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Thus, Crawford had until August 8, 2018 to file his petition. He did not do so until March 25, 2020.

While a properly filed motion for post-conviction relief in state court tolls the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), Crawford acknowledges that he did not file a certiorari petition until July 2020. (Petitioner's Resp. at 8, Docket # 21.) This was well after his August 2018 deadline for filing a habeas petition. State motions for collateral relief do not give rise to a second one-year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Crawford's petition, therefore, is untimely.

The analysis, however, does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S. Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him

in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Crawford does not attempt to show that either exception applies to his case. Thus, neither equitable tolling nor actual innocence excuses his untimely petition. Because I find Crawford's petition untimely, I need not address the respondent's alternative argument that Crawford procedurally defaulted his claim. For these reasons, Crawford's petition is denied and the case dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Crawford's habeas petition, none of his claims warrant a certificate of appealability. The statutory timeliness of Crawford's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny Crawford a certificate of appealability.

Crawford retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 19) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of March, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge